OSCN Found Document:REVISION OF PORTION OF THE RULES OF THE COURT OF CRIMINAL APPEALS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 REVISION OF PORTION OF THE RULES OF THE COURT OF CRIMINAL APPEALS
2016 OK CR 20
Case Number: CCAD-2016-2
Decided: 10/05/2016
REVISION OF PORTION OF THE RULES OF THE COURT OF CRIMINAL APPEALS
Cite as: 2016 OK CR 20, __ __

 



 







ORDER ADOPTING REVISION IN AND REPUBLISHING PORTION
OF THE RULES OF THE COURT OF CRIMINAL APPEALS



¶1 In response to the Oklahoma Legislature's passage of 22 O.S.Supp.2016, § 977, we find that revision of the Rules for the Oklahoma Court of Criminal Appeals is necessary to ensure the security and proper use of personal identifier information in criminal prosecutions. Pursuant to the provisions of Section 1051(b) of Title 22 of the Oklahoma Statutes, we hereby revise, adopt, promulgate and republish portions of the Rules of the Oklahoma Court of Criminal Appeals, 22 O.S.Supp. 2013, Ch. 18, App. (2016), set forth as follows and as set out in the attachment to this order:




SECTION II. INITIATING AN APPEAL FROM THE TRIAL COURT


Rule 2.2(G) (Amended)
Rule 2.6 Internet (New Rule)
Rule 2.7 Procedures for Sealing Record (New Rule)


SECTION XIII. FORMS


FORM 13.3 Pauper's Affidavit (Amended)
FORM 13.8 Uniform Judgment and Sentence (Amended)
FORM 13.10 Uniform Plea of Guilty--Summary of Facts (Amended) 




¶2 IT IS THEREFORE ORDERED ADJUDGED AND DECREED that these revisions shall become effective on the date of this order and shall only apply prospectively.


¶3 IT IS THE FURTHER ORDER OF THIS COURT that these revisions be available for access via the internet from this Court's website www.okcca.net on the date of this order and provided to West Publishing Company for publication. The Administrative Office of the Courts is requested to provide these Rules, amendments, and revisions to the judges of the District Courts via the Oklahoma State Court Network (OSCN) and the District Courts of the State of Oklahoma are directed to implement the utilization of these revisions effective on the date of this order.


¶4 IT IS SO ORDERED.


¶5 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 5th day of October, 2016.




/S/CLANCY SMITH, Presiding Judge


/S/GARY L. LUMPKIN, Vice Presiding Judge


/S/ARLENE JOHNSON, Judge


/S/DAVID B. LEWIS, Judge


/S/ROBERT L. HUDSON, Judge



 


ATTEST:


/s/Michael S Richie
Clerk



 



 


SECTION II. INITIATING AN APPEAL FROM THE TRIAL COURT


Rule 2.2 Form and Contents of Record


A. Duties of Clerk to Assemble Record. After a designation of the record is made, the trial court clerk shall promptly assemble, in chronological sequence, all of the instruments on file, together with transcripts as required by subpart B of this Rule, which have been designated for inclusion in the record on appeal. The instruments, numbered consecutively, indexed and bound in volumes which shall not exceed two hundred (200) pages each, shall be certified under the seal of the clerk of the trial court. All designations of record and a certified copy of all the appearance docket sheets, as well as the Judgment and Sentence AND/OR final order, shall be included. In accordance with Rule 3.2, three (3) certified copies shall be prepared for transmission to this Court and appellant's attorney. The Court recognizes the provisions of Section 1054 of Title 22, but directs the clerk of the trial court to retain the original record in the trial court. See Rule 4.3 for duties in certiorari appeals. (Emphasis added by the Court)


B. Duties of Court Reporter to Assemble Exhibits.


(1) The court reporter shall ensure trial exhibits are indexed and incorporated into the transcript by physical attachment. In the event the exhibit cannot be physically attached, the court reporter shall attach a clear and viewable photograph or photocopy accurately depicting the exhibit to both the original transcript (or separate volume if necessary) and copies as required below. All copies of exhibits, including photographs, provided pursuant to this Rule shall be in color unless the original exhibit was in black and white. Black and white photo copies of color exhibits are not acceptable. If the exhibit is an audio or video tape or other electronically reproduced medium, the reporter shall be responsible for ensuring that the original and two (2) copies of the item are filed with the transcripts. In each instance, as a condition to the admissibility of the exhibit for consideration on appeal, the trial court shall ensure the party introducing the exhibit shall be responsible for both its reproduction in the same quality as the original, including delivery to the court reporter, and the cost of reproduction. If a party fails to comply with a reporter's request to provide copies of exhibits in accordance with this Rule, the court reporter, after completion of the transcripts, shall file a notice of non-completion with the clerk of the District Court and the Clerk of this Court setting out with specificity the items that have not been provided, when the request was made and the party who has failed to comply with this Rule.


(2) The original transcript, indexed and certified as correct, together with two (2) certified copies (original and three (3) certified copies in capital cases), and attached exhibits or photos or copies of exhibits, in volumes not to exceed three hundred (300) pages of text per volume, shall be filed with the court clerk in the trial court by the court reporter within sufficient time to allow the trial court clerk to file the notice required by Rule 2.3(A) within ninety (90) days of Judgment and Sentence in misdemeanor and regular felony appeals, and within six (6) months in capital appeals.


(3) Upon the filing of the transcript, the court reporter is required to notify in writing the defendant's appellate attorney, the district attorney, the attorney general, the trial court clerk and the Clerk of this Court that the transcripts have been filed with the trial court clerk. This notice shall be specific, itemizing and describing with particularity all transcripts (by volume number or date of hearing) and exhibits (by number/letter and description) filed with the court clerk. If more than one court reporter was involved in the proceedings at issue, each court reporter shall be responsible for filing a separate specific, itemized list. The clerk of the trial court shall file the notice with the record.


(4) No exhibits other than documentary, photographic or electronically recorded evidence, as required by subpart (B)(1) of this Rule, shall be incorporated into the record on appeal or transmitted to the Clerk of the Court of Criminal Appeals; PROVIDED HOWEVER, this Court may direct supplementation of the record for any exhibit necessary for the determination of the appeal. Under no circumstances will controlled or dangerous substances, weapons, or ammunition, or body fluids or tissues be included in the record.


C. Transcript Not Available. If no transcript has been previously prepared and no tape recording is available for any portion of the trial proceedings, the trial attorneys may stipulate or submit affidavits as to what transpired during the proceeding not transcribed or recorded. The trial judge shall enter an order adjudicating any matters upon which the attorneys cannot agree regarding what transpired during the unrecorded or untranscribed proceedings.


D. Transcript Available. The transcript prepared by the court reporter shall constitute the record of the proceedings from which it was transcribed. When such transcript is made, tape recordings made by the court reporter as a supplementary backup to the stenographic record to the completed transcript of proceedings shall not constitute a part of the official record unless such proceedings were recorded in accordance with Section 1223.1 of Title 22. See Sections 106.4(a), 106.4a, and 106.5 of Title 20. This Rule does not preclude findings of extreme necessity by the trial court that such recordings, if they exist, are necessary to supplement inadequate transcripts.


E. Form of Certification for Original Record in Trial Court. The original record to be filed in this Court must be certified by the clerk of the trial court utilizing the form set out in Section XIII, Form 13.9.


F. When a City or Municipality is a Party. When a city or municipality is a party, a certified copy of the specific ordinance(s) involved in the case shall be included in the record. It shall be the responsibility of the city or municipality to ensure the ordinance(s) are included in the record for appellate review. See Hishaw v. City of Oklahoma City, 1991 OK CR 122, 822 P.2d 1139.


G. When the Record Includes Child Pornography. When the record includes exhibits which depict or contain child pornography (See Section 1024.1 of Title 21), the trial court shall take precautionary steps in the handling of such exhibits. An exhibit depicting or containing child pornography may only be possessed by the court, the court clerk, the district attorney, an assistant district attorney, and law enforcement.


(1) An exhibit depicting or containing child pornography shall not be copied, duplicated, or reproduced in any manner. The condition to admissibility requiring the party introducing an exhibit to be responsible for delivering copies to the court reporter in Subsection B, above, shall not apply to an exhibit depicting or containing child pornography.


(2) The trial court shall enter an order sealing any exhibit introduced at trial which depicts or contains child pornography in accordance with Section 24A.29(A)(3) of Title 51. The trial court clerk shall take possession of the sealed exhibit and secure it in a locked, secured repository with access only as directed by the trial court and this Court.


(3) An exhibit depicting or containing child pornography shall not be transmitted with the record. Upon receipt of the Notice to Transmit, the District Court shall enter an Order to Transport directing the district attorney, assistant district attorney or law enforcement to transport the exhibit under seal with two (2) copies of the Order to Transport and hand-deliver both the sealed exhibit and the copies of the Order to Transport to the Clerk of this Court. Any exhibit depicting or containing child pornography shall be transported to the Clerk of this Court within ten (10) days of receipt of the Notice to Transmit. The trial court clerk shall certify the exhibit on the copies of the Order to Transport utilizing the form set out in Section XIII, Form 13.16.


(4) Upon receipt of the sealed exhibit and copies of the District Court's Order to Transport, the individual transporting such an exhibit shall execute and file a Receipt to Transport and acknowledge receipt of the sealed exhibit with the trial court clerk. The individual shall maintain proper chain-of-custody of the exhibit until hand-delivered to the Clerk of this Court with two (2) copies of the Order to Transport. The individual shall return one copy of the District Court's Order to Transport with the Clerk of this Court's acknowledgment of receipt to the trial court clerk.


(5) Upon receipt of a sealed exhibit depicting or containing child pornography, the Clerk of this Court shall acknowledge receipt of the exhibit on one (1) copy of the District Court's Order to Transport and file one (1) copy of the Order to Transport. The clerk of this Court shall enter the exhibit on the case docket and secure the exhibit in a locked, secured repository with access only as directed by this Court. Counsel for Appellant and for the State may contact the Marshal of this Court for viewing of any exhibit depicting or containing child pornography. When an exhibit depicting or containing child pornography is no longer needed for judicial review, this Court will order enter an Order to Transport and return the sealed exhibit to the District Court and direct the destruction of the exhibit. upon the completion of federal habeas review.


 



 


Rule 2.6 Internet


A. Effective Date. As of November 1, 2016, pleadings, documents and materials filed in criminal cases in the courts of this state shall be governed by the following guidelines. This rule shall have prospective effect only.


B. Online Database. The Oklahoma State Courts Network's case search feature provides the public a convenient way to search for court records in the district and appellate courts. This online database does not replace the case management systems used by the courts to file cases and documents. In the event of a discrepancy between the case management system and the online database, this Court will rely upon the record set forth in the case management system. Rules 1.13 and 2.2 govern the Record on Appeal.


C. Personal Identifier Information. If a filer includes personal identifier information such as Social Security numbers, Tax Identification numbers, Financial Account numbers, Driver's License numbers, dates of birth, addresses or other sensitive information, in any document filed with the courts the document becomes a public record as filed. Filers should be aware that certain documents filed in a case file may be viewable on the Oklahoma State Courts Network or On Demand Court Records websites via the Internet.


D. Responsibility of Filer. The responsibility for following the guidelines set forth below rests solely with counsel, the parties, or any other filer. The Clerk of the Court shall not have any duty to review documents for compliance with this rule.


(1) Guidelines. Unless otherwise ordered or as otherwise provided by law, every filer shall limit the following information in all pleadings, papers, exhibits or other documents:


(a) Social Security Numbers. A social security number shall include only the last four digits.


(b) Taxpayer Identification Numbers. A taxpayer identification number shall include only the last four digits.


(c) Financial Account Numbers. A financial account number shall include only the last four digits.


(d) Credit Card Numbers. A credit card number shall include only the last four digits.


(e) Driver's License. A driver's license number shall include only the last four digits.


(f) Date of Birth. A date of birth shall include only the month, year and place of birth.


(2) Applicability of the Rule. An Arrest Warrant, Bench Warrant, Costs Warrant, Search Warrant, Information, or Traffic Ticket may contain complete personal identifier numbers if the document or any return on such document is not viewable on the Internet or World Wide Web after filing in the case file. The National Crime Information Center (NCIC), Law Enforcement Enterprise Portal (LEEP), National Data Exchange (N-DEX), National Instant Criminal Background Check System (NICS), or any other similar shared data management concept between the federal, state, local, and tribal criminal justice agencies is not considered part of the Internet or World Wide Web for the purposes of this rule.


E. Protected Materials. It is necessary in the interests of justice that certain materials are withheld from view on the Oklahoma State Courts Network and On Demand Court Records websites. Every filer shall advise the court clerk that a filing contains protected materials prior to presenting the item for filing. Counsel, the parties, or any other filer have a continuing duty to review documents for compliance with this rule.


(1) The following materials shall be withheld from view on the internet. To the extent that any of the materials are otherwise subject to the Oklahoma Open Records Act (51 O.S. § 24A.1, et seq.) the materials shall only be made available at the physical location of the court clerk's office.


(a) Juvenile records or any records the Legislature has determined are confidential;


(b) Names and personal information concerning prospective and sitting jurors as set forth in 38 O.S.Supp.2015, § 36;


(c) Any document or exhibit, other than the transcript of a court proceeding, which lists a crime victim's or surviving family member's date of birth, address, telephone number, place of employment, social security number, taxpayer identification number, financial account number, or driver's license number. 21 O.S.2011, § 142A-9;


(d) Any post-mortem photograph or video of the victim of a homicide or an exhibit containing such images;


(e) Any document or exhibit, other than the transcript of a court proceeding or exhibit revealing prior conviction, which lists a witness' date of birth, social security number, taxpayer identification number, financial account number, or driver's license number. 21 O.S.2011, § 142A-9;


(f) Any photograph or video depicting injuries to the victim of a sexual offense or an exhibit containing such images. 21 O.S.2011, § 142A-9;


(g) Any photograph or video depicting "Lewdness," "Nudity," "Sexual conduct," "sexual excitement," "Sadomasochistic abuse," or "obscene material" as defined by 21 O.S.2011, §§ 1024.1, 1030, 1040.75.


(h) Any document or materials which have been withheld, removed, or sealed from the public record pursuant to court order. 51 O.S.Supp.2012, 24A.29.


(i) Any photograph, video, document, or other material depicting either alleged child pornography or explicit child pornography. 18 U.S.C. § 2252A; 21 O.S.2011, § 1040.80.


(j) Any document or materials, other than the transcript of a court proceeding, which contains complete personal identifier information, e.g., Arrest Warrant, Bench Warrant, Costs Warrant, Search Warrant, Information, Traffic Ticket, or Report of Trial Judge in Capital Felony.


 



 


Rule 2.7 Procedures for Sealing Record


A. Effective Date. As of November 1, 2016, pleadings, documents and materials filed in criminal cases in the courts of this state shall be governed by the following guidelines. This rule shall have prospective effect only.


B. Orders sealing materials. Any court order which directs the sealing, withholding, or removal of pleadings or other material from the record shall comply with the requirements of 51 O.S.Supp.2012, § 24A.29.


C. Filing of sealed portions of the record on appeal. When materials sealed by a protective order of the district court are sent as part of the record, the trial court clerk shall:


(1) Separate the sealed materials from other portions of the record on appeal but insert notice at the point in the record from which the materials are extracted giving notice that part of the record is sealed;


(2) enclose the materials in a sealed manila envelope clearly marked "CONFIDENTIAL," and listing where in the record the materials were extracted;


(3) affix a copy of the protective order to the outside of the envelope;


(4) list the sealed materials in the index as "confidential documents";


D. Request to seal materials.


(1) A party may request that the court seal a pleading, document or other matter by filing a written motion, or the Court may, upon its own motion, initiate proceedings to seal or redact a court record. A party or attorney of record seeking to seal a pleading, document or other matter shall comply with the requirements of 51 O.S.Supp.2012, § 24A.29. The motion shall disclose, in its title, that sealing is being sought and the grounds upon which sealing is required. The motion must be served on all parties to the action;


(2) The pleading, document or other matter sought to be sealed shall be enclosed in a manila envelope clearly marked "CONFIDENTIAL" and filed with the clerk of this Court in accordance with 51 O.S.Supp.2012, § 24A.29;


(3) When a motion to seal a pleading, document or other matter has been filed, the information to be sealed remains confidential pending the Court's ruling on the motion;


E. Limitations on sealing. This Court will only remove materials from the public record in those instances where such withholding is necessary in the interest of justice and required by law. Nichols v. Jackson, 2001 OK CR 35, ¶ 10, 38 P.3d 228, 231; 51 O.S.Supp.2012, § 24A.29;


Materials shall not be sealed under these rules when a reasonable redaction will adequately resolve the issue. Nichols v. Jackson, 2001 OK CR 35, ¶ 15, 38 P.3d 228, 232; 51 O.S.Supp.2016, § 24A.5(2).


F. Procedures for maintaining sealed court records. The clerk, all parties, and attorneys of record shall maintain the confidentiality of materials sealed by protective order. 


(1) When the clerk of this Court receives a protective court order directing the sealing or withholding of specified records, pleadings, documents or other matters, the clerk shall:


(a) File the protective order, which shall be accessible to the public.


(b) Docket the confidential materials as either "confidential record" or "confidential materials";


(c) Restrict access to the confidential materials so as to prevent unauthorized viewing of the materials.


(2) Confidential materials shall be opened and viewed only by an order of the Court.


(3) This Court will review confidential materials as part of the proper review of the record on appeal and as necessary to determine the issues raised. After such review, unless otherwise ordered, the materials shall remain confidential, sealed and withheld from the public record.


 



Form 13.3 Paupers Affidavit (Amended)


Form 13.8 Uniform Judgment and Sentence (Amended)


Form 13.10 Uniform Plea of GuiltySummary of Facts (Amended)


 


 


 






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2016 OK 113, MUSTANG RUN WIND PROJECT, LLC v. OSAGE COUNTY BD. OF ADJUSTMENT
Cited
 2016 OK 111, IN RE: LIMITED VIEWABILITY OF CERTAIN DOCUMENTS
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. Form 13.8, Uniform Judgment and Sentence
Cited
 22 O.S. Form 13.10, Uniform Plea of Guilty--Summary of Facts
Cited
 22 O.S. Rule 2.2, Form and Contents of Record
Cited
 22 O.S. Rule 2.6, Internet
Cited
 22 O.S. Rule 2.7, Procedures for Sealing Record
Cited
 22 O.S. Form 13.3, Pauper's Affidavit
Cited


 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.